**R. Wray CURE and Winthrop D. Thies, Appellants,**

v.

**Brandon O. SUSSMAN and Thomas L. Werst, Appellees.**

No. B14–89–00968–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 5, 1990.

Rehearing Denied Aug. 2, 1990.

W.D. Thies, Maplewood, N.J., pro se.

Jeffrey R. Singer, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

In this suit alleging fraud, the defendant, appellant Winthrop Drake Thies (a New Hampshire attorney), contends the transaction at issue is unenforceable because it violates Texas usury laws, although he admits that he drafted the allegedly "usurious" terms. Plaintiffs, appellees Brandon O. Sussman and Thomas L. Werst, respond that appellant's usury defense does not apply because they brought suit under the Texas Securities Act, which covers investment contracts rather than interest on loans. The trial court ordered that appel-

lant and R. Wray Cure, a defaulting defendant not a party to this appeal, pay ten thousand dollars ($10,000) in actual damages and five thousand dollars ($5,000) in punitive damages to appellee Sussman; fifteen thousand dollars ($15,000) in actual damages and seven thousand five hundred dollars ($7,500) in punitive damages to appellee Werst; plus attorney's fees. We affirm.

In the spring of 1987, appellant invited appellees to invest in the endeavor of a company called Green River Bullion Exchange Joint Venture, which would buy silver coins "and other valuable objects" in Mexico and sell them in the United States for extremely high profits. Appellant drafted a "guaranteed profit-sharing contract," in which he and Cure "irrevocalby [sic] and unconditionally guaranteed personally" that in one hundred eighty (180) days, appellees' capital would be returned along with an additional fifty percent of their respective investments. Investing $10,000 and $15,000, respectively, appellees Sussman and Werst purchased the agreements on May 7, 1987, but claim they have received no income from the securities.

■ In his first point of error, appellant contends the trial court erred in failing to grant his motion to dismiss because the instruments evidencing the transactions are usurious on their face, thus as a matter of law appellees must forfeit all interest and principal. TEX.REV.CIV.STAT.ANN. art. 5069–1.06 (Vernon 1987) provides, in pertinent part:

> (2) Any person who contracts for, charges or receives interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; ...

Texas interest ceilings, ranging from eighteen percent (18%) to twenty-four percent (24%) per year, TEX.REV.CIV.STAT.ANN. art. 5069–1.04 (Vernon 1987), clearly fall below the profit promised to appellees. Here, however, appellees have not contracted for interest. These were investment contracts, as defined by the United States Supreme Court:

> a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party, it being immaterial whether the shares in the enterprise are evidenced by formal certificates or by nominal interests in the physical assets employed in the enterprise. *Securities and Exch. Comm'n v. W.J. Howey Co.*, 328 U.S. 293, 298–99 [66 S.Ct. 1100, 1102–03, 90 L.Ed. 1244] (1946).

The instant case clearly meets the four criteria of the so-called *Howey* test for determining investment contracts, as applied to the Texas Securities Act in *Searsy v. Commercial Trading Corp.*, 560 S.W.2d 637 (Tex.1977); the agreements involve (1) an investment of money; (2) in a common enterprise; (3) with expectation of profits; (4) derived solely from the efforts of others. *Id.* at 640. Appellant was not entitled to a usury defense in a transaction involving an investment contract. Therefore, we overrule point of error number one.

■ Next, appellant asserts that although he induced a usurious transaction, he is not estopped to assert its usurious character. Again, however, the cases cited in support of his proposition involve loans, rather than the sale of securities. In the sale of securities, a person may be liable for making an untrue statement of material fact. TEX.REV.CIV.STAT.ANN. art. 581–33A(2) (Vernon Supp.1990). Here, appellees were told they would be repaid in six months along with a fifty-percent profit. In the absence of findings of fact and conclusions of law, all questions of fact are presumed to be found in support of the judgment, *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977); this includes the trial court's determination that the statement was false. Although appellant testified that he believed the statement to be true, given that appellees were not paid it was within the trial court's discretion to disbelieve him. Likewise, the trial court could have found that appellant, who admitted to some familiarity with Texas usury laws,

knew that the documents might give rise to a usury defense. Further, while Article 581–33A(2) may discharge the liability of offerors and sellers of securities when they do not know of an untruth or omission, it denies the defense to the issuer of a security when an untruth appears in a writing which the issuer prepared and delivered. As a guarantor of the agreements, appellant was an "issuer" with respect to liability. TEX.BUS. & COM.CODE ANN. § 8.201(b) (Vernon Supp.1990).

Appellant concedes that a finding of fraud would dictate a judgment, including punitive damages, in favor of appellees, but he contends there is no evidence to support allegations of fraud. However, as previously noted, we must presume the trial court found the necessary facts to determine that appellant falsely pledged a return on appellees' investments. Therein lies the fraud.

The judgment of the trial court is affirmed.